COURT OF APPEALS
DECISION
DATED AND FILED

March 22, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1473**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV9237

IN COURT OF APPEALS
DISTRICT I

---

CRAIG A. WEBER, DEBRA J. MYRICK AND CRAIG A. WEBER, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER JOHN WEBER,

      PLAINTIFFS-APPELLANTS,

AMERICAN FAMILY INSURANCE COMPANY,

      INTERESTED PARTY-PLAINTIFF,

  V.

COUNTY OF MILWAUKEE AND WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,

      DEFENDANTS-RESPONDENTS.

---

      APPEAL from an order of the circuit court for Milwaukee County: CARL ASHLEY, Judge. *Affirmed*.

      Before Brash, C.J., Donald, P.J., and White, J.

¶1 WHITE, J., This appeal arises out of a tragic incident in December 2016, when Christopher Weber's vehicle slid off of an on-ramp to the Hoan Bridge in Milwaukee, Wisconsin, resulting in his death. His parents and his estate (hereinafter Weber) filed a complaint against Milwaukee County alleging negligence in the removal of the snow from the highway. The circuit court concluded that the County had statutory immunity under WIS. STAT. § 893.80(4) (2019-20)[1] for this claim and granted summary judgment in favor of the County. Upon review, we affirm.

## BACKGROUND

¶2 Because this case is here on summary judgment, we recite the facts in the light most favorable to Weber, the party opposing summary judgment, and accept as true Weber's allegations.[2] *See United Concrete & Const., Inc. v. Red-D-Mix Concrete, Inc.*, 2013 WI 72, ¶4, 349 Wis. 2d 587, 836 N.W.2d 807. On December 19, 2016, Christopher was operating a motor vehicle at a reasonable and prudent speed as he drove onto the South Carferry Drive on-ramp to the Hoan Bridge in Milwaukee. The County was responsible for maintaining and plowing this highway, which accumulated snow at the outermost edge on the deck of the bridge at a height equal to the retaining wall and created a ramp of snow to the edge. Christopher's vehicle fishtailed on black ice and slid to the edge of the bridge, where it met the accumulated snow. The momentum of the vehicle against

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] For this reason, we will not insert "allegedly" before every allegation. We do not thereby imply the truth of any factual assertion in this recitation of background facts. *See United Concrete & Const., Inc. v. Red-D-Mix Concrete, Inc.*, 2013 WI 72, ¶4 n.5, 349 Wis. 2d 587, 836 N.W.2d 807.

2

the snow ramp caused it to launch off the bridge, go airborne, and then plummet forty-four feet to the ground below. Christopher suffered great bodily injury and ultimately death.

¶3 Milwaukee County accumulated 11.8 inches of snow from the storm during which the accident occurred. The County received multiple complaints about the conditions on the highways from accumulated snow and ice. Christopher's accident occurred at approximately 8:28 a.m., before the County began snow removal efforts on the deck of the Hoan Bridge.

¶4 Weber filed a complaint against the County in November 2018 alleging negligence in its maintenance and snow removal on the bridge that allegedly caused Christopher's death. In January 2020, the County filed a motion for summary judgment, arguing that it was immune from liability under two statutes. The first statute was WIS. STAT. § 893.83, which provides an immunity defense for injuries "sustained by reason of an accumulation of snow or ice upon any bridge or highway" that existed less than three weeks. The County submitted an affidavit from a certified consulting meteorologist that opined that the snow accumulation on the bridge had existed for less than three weeks. The circuit court concluded that genuine issues of material fact existed about the length of time the snow accumulated and denied the County's motion for judgment based on immunity from liability pursuant to this statute.

¶5 The circuit court then considered the County's second immunity defense, under WIS. STAT. § 893.80(4), which provides more generalized immunity for discretionary acts by government officials and entities. The circuit court concluded that snow removal was a discretionary action covered by statutory

immunity and that no exception to the defense applied. The court then granted judgment in favor of the County and dismissed the matter.

¶6    Weber appeals. Additional facts are included in the discussion.

## DISCUSSION

¶7    Summary judgment is granted when the pleadings, depositions, affidavits, and other moving papers establish that no genuine issues of material fact are in dispute and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). We independently review an order granting summary judgment. *Lodl v. Progressive N. Ins. Co.*, 2002 WI 71, ¶15, 253 Wis. 2d 323, 646 N.W.2d 314.

¶8    Weber argues that the circuit court erred when it granted judgment to the County when genuine issues of material fact were recognized by the circuit court. Genuine issues of material fact relating to a claim of immunity render summary judgment on that issue inappropriate. *See Rolland v. County of Milwaukee*, 2001 WI App 53, ¶¶12-13, 241 Wis. 2d 215, 625 N.W.2d 590. However, here, the County raises an immunity defense under two statutes. The County need not prove immunity under both statutes for summary judgment to be appropriate. *See Knoke v. City of Monroe*, 2021 WI App 6, ¶32, 395 Wis. 2d 551, 953 N.W.2d 889 ("But even if Knoke were to persuade us that the City was not entitled to absolute immunity for one reason or another, our answer to that question would not be dispositive. We would still have to decide whether the City is entitled to discretionary immunity under WIS. STAT. § 893.80(4).").

¶9    We first examine the County's argument that it had immunity to Weber's claim under WIS. STAT. § 893.83. This statute provides that a

government subdivision has immunity against actions to "recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for 3 weeks." In other words, a government subdivision has "absolute immunity" for claims of damages arising from "snow and ice accumulations" that existed for less than three weeks. ***Knoke*** 395 Wis. 2d 551, ¶20.[3] However, "claims based on snow and ice accumulations that have existed three weeks or more" are subject to the general "discretionary immunity provisions set forth in WIS. STAT. § 893.80(4)." ***Knoke***, 395 Wis. 2d 551, ¶30.

¶10 The circuit court concluded that there were genuine issues of material fact with regard to the accumulation of snow at the accident site. When we view the evidence in the light most favorable to the non-moving party (Weber), the facts are not clearly established that the snow and ice existed for less than three weeks, which would allow for absolute immunity. *See* ***id.***, ¶20. Therefore, we conclude that the County's claim for immunity under WIS. STAT. § 893.83 does not support judgment in its favor as a matter of law. Our analysis now turns to the question of governmental statutory immunity under WIS. STAT. § 893.80(4).

¶11 WISCONSIN STAT. § 893.80(4) provides that no action may be brought against a municipality "for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." This rule has been "collectively interpreted to include any act that involves the exercise of discretion and

---

[3] In ***Knoke***, we traced the history of statutory immunity for snow and ice accumulations on highways based on WIS. STAT. § 893.83 and WIS. STAT. § 893.80(4), ultimately concluding that "the absolute immunity statute and the discretionary immunity statute both apply to claims based on accumulations of snow or ice[.]" ***Knoke v. City of Monroe***, 2021 WI App 6, ¶¶13-25, 30-31, 395 Wis. 2d 551, 953 N.W.2d 889.

judgment." ***Lodl***, 253 Wis. 2d 323, ¶21. "There is no immunity against liability associated with: 1) the performance of ministerial duties imposed by law; 2) known and compelling dangers that give rise to ministerial duties on the part of public officers or employees; 3) acts involving medical discretion; and 4) acts that are malicious, willful, and intentional." ***Id.***, ¶24. "We assume negligence for purposes of the immunity defense, and apply the test for immunity and its exceptions to the municipal act alleged to have been negligently performed or omitted." ***Id.***, ¶19. "The application of the immunity statute and its exceptions involves the application of legal standards to a set of facts, which is a question of law" we review independently. ***Id.***, ¶17.

¶12     The County argues that maintaining the highway and managing snow removal were actions requiring discretionary decision-making. In contrast, Weber contends that two exceptions apply: the ministerial duty exception and the known danger exception. The ministerial duty exception abrogates immunity when the government response "is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." ***Lister v. Board of Regents of Univ. Wis. Sys.***, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976). "The known danger exception abrogates immunity in situations where an obviously hazardous situation exists and 'the nature of the danger is compelling and known to the [public] officer and is of such force that the public officer has no discretion not to act.'" ***American Fam. Mut. Ins. Co. v. Outagamie Cnty.***, 2012 WI App 60, ¶25, 341 Wis. 2d 413, 816 N.W.2d 340 (quoting ***C.L. v. Olson***, 143 Wis. 2d 701, 715, 422 N.W.2d 614 (1988)).

¶13      Weber argues that a ministerial duty arises out of the Highway Maintenance Manual promulgated by the Department of Transportation (DOT). Chapter 06 Section 15 Subject 10 of the Manual states that "[p]aved shoulders may be mechanically cleared of snow at the same time the pavement is being cleared or they may be bypassed until the weather conditions require or allow them to be cleared."  Weber contends that the language "until the weather conditions require or allow them to be cleared" removes all discretion because when the weather condition requires it, the paved shoulders must be cleared. Weber asserts that the County did not have discretion as to when to clear the shoulders at the time of the accident.  The County argues that plowing snow, even in compliance with the DOT manual, requires discretionary decisions.  We agree with the County that the language of the Manual ultimately allows for discretion in maintaining the highways in winter weather.

¶14      Alternatively, Weber argues that the snow and ice on the bridge were a known danger that gave rise to a ministerial duty for the County.  This court has applied the known danger exception in circumstances "where the danger is so severe and immediate that a specific and immediate response is required" or where an injury is almost certain to happen because there are "accidents waiting to happen."  *American Fam.*, 341 Wis. 2d 413, ¶26 (quoting *Voss ex rel. Harrison*

*v. Elkhorn Area Sch. Dist.*, 2006 WI App 234, ¶19, 297 Wis.2d 389, 724 N.W.2d 420).[4]

¶15    "[T]he known and compelling danger exception is determined on a case-by-case basis[.]" *Voss*, 297 Wis. 2d 389, ¶17.  We have applied a three-step analysis when contemplating the known danger exception:  "[f]irst, something happens to create compelling danger.  Second, a government actor finds out about the danger, making it a known and compelling danger.  And third, the government actor either addresses the danger and takes one or more precautionary measures, or the actor does nothing and lets the danger continue." *Heuser ex rel. Jacobs v. Community Ins. Corp.*, 2009 WI App 151, ¶28, 321 Wis. 2d 729, 774 N.W.2d 653.  Here, the snow and ice accumulation on the bridge deck created a compelling danger.  However, the County's knowledge of that danger is alleged in bare terms.  Weber references complaints about conditions on the highway system—two reports that morning about icy conditions on the High Rise bridge and one about the Hale Interchange, with one of the reports also stating that only the High Rise bridge had been salted.  Although that last report may support an inference that the Hoan Bridge had not been salted, none of the complaints support the allegation that the County knew about dangerous icy conditions on the Hoan Bridge and its on-ramps.  The County asserts that there has not been a similar incident on this bridge that would put them on notice of this specific risk.

---

[4] The known danger exception was first applied in *Cords v Anderson*, 80 Wis. 2d 525, 259 N.W.2d 672 (1977).  There, several people visited a state recreation area and traveled on a trail open for night hiking that "passed a few inches from an undercut dropping into a ninety foot gorge." *Id.* at 531, 538.  Three women fell into the gorge and each suffered great bodily injury. *Id.* at 535.  Our supreme court concluded that "the duty to either place warning signs or advise superiors of the conditions is, on the facts here, a duty so clear and so absolute that it falls within the definition of a ministerial duty." *Id.* at 542.

¶16    Weber's claim fails because it is not clear in the record that the danger was known and compelling prior to the accident, that the County knew of the danger, or that the County failed to respond to that danger.  Weber has not alleged how or when the County's ministerial requirement to act in response to the snowy bridge clearly arose.  It is not disputed that the conditions on the bridge were dangerous; however, for the exception to apply, the "danger must be compelling enough that a self-evident, particularized, and non-discretionary municipal action is required." *Lodl*, 253 Wis. 2d 323, ¶40.  Here, even construing the facts in the light most favorable to Weber, we conclude that the danger on the on-ramp to the bridge did not satisfy the requirements to apply this exception.

¶17    If the County is entitled to statutory immunity pursuant to WIS. STAT. § 893.80(4), then there is nothing to try even if there may be factual disputes with regard to the County's negligence.  *See Lodl*, 253 Wis. 2d 323, ¶16.  "The purpose of the summary judgment procedure is not to try issues of fact but to avoid trials where there is nothing to try." *Rollins Burdick Hunter of Wis., Inc. v. Hamilton*, 101 Wis. 2d 460, 470, 304 N.W.2d 752 (1981).  Here, Weber has not shown that a ministerial duty arose either out of a policy or law or out of a known danger.  Because we conclude there are no disputed facts material to the issue of immunity and that no exception to immunity applies, we conclude that the County is entitled to discretionary immunity pursuant to WIS. STAT. § 893.80(4).  Therefore, we need not further address absolute immunity under WIS. STAT. § 893.83 because the County is entitled to immunity under § 893.90(4). *Knoke,* 395 Wis. 2d 551, ¶32.

9

**CONCLUSION**

¶18    We conclude that the County is entitled to summary judgment because it has discretionary immunity pursuant to WIS. STAT. § 893.80(4). Accordingly, we affirm the circuit court's order granting judgment to the County.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.